# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE WILSON,** | : | **CIVIL NO. 1:18-CV-315** |
| Petitioner | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **WARDEN BALTAZAR,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Eugene Wilson ("Wilson"), a federal inmate confined at the United States Penitentiary at Canaan, in Waymart, Pennsylvania. Wilson challenges his conviction and sentence imposed by the United States District Court for the Northern District of Ohio for multiple drug and firearm offenses. (Id.) Wilson claims that he is entitled to federal habeas corpus relief because he was improperly sentenced in light of the Supreme Court's decisions in United States v. Mathis, ⸺ U.S. ⸺, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) and Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). (Docs. 1, 4).

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it

plainly appears that the petitioner is not entitled to relief)[1], and, for the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

I.   **Background**

On July 15, 1992, Wilson was tried and convicted by a jury on one count of conspiracy to distribute cocaine and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; three counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1); two counts of carrying and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g). United States v. Wilson, No. 1:92-cr-138 (N.D. Ohio 1992). Wilson was sentenced to 562 months imprisonment, followed by six years of supervised release. Id.

Wilson filed a direct appeal. On appeal, the Sixth Circuit affirmed all of Wilson's convictions, but remanded for resentencing on the two 18 U.S.C. § 922(g) charges. Id. at Doc. 153. On remand, these two charges were merged for one sentence and one special assessment was abated. Id.

Five years later, Wilson filed his first § 2255 petition. Id. The sentencing court dismissed the petition as untimely because it was filed beyond the one-year statute of limitations. Id. Wilson appealed to the Sixth Circuit. On appeal, the Sixth Circuit construed the notice of appeal as an application for a certificate of

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

appealability.  Wilson v. United States, No. 99-4363 (6th Cir. Apr. 4, 2000).  The Sixth Circuit denied the application.  Id.

Wilson then filed three additional § 2255 petitions.  United States v. Wilson, No. 1:92-cr-138 at Doc. 153.  The Sixth Circuit denied each of these petitions.  In re Wilson, No. 06- 3012 (6th Cir. Aug. 14, 2006); In re Wilson, No. 03-3222 (6th Cir. June 12, 2003); In re Wilson, No. 01-3792 (6th Cir. Feb. 4, 2002).

In June 2012, Wilson filed a fourth § 2255 motion.  United States v. Wilson, No. 1:92-cr-138 at Doc. 146.  Wilson argued that his drug conviction for violating 18 U.S.C. § 841 was invalid because the conduct he engaged in had been decriminalized by the Supreme Court's decision in DePierre v. United States, 540 U.S. 70, 131 S. Ct. 2225, 180 L.Ed.2d 114 (2011).  Id.  The district court denied the § 2255 motion, and noted that Wilson failed to obtain authorization to file a § 2255 motion, and that Wilson's claim lacked merit.  Id. at Doc. 153.  The district court also denied Wilson a certificate of appealability.  Id. at Doc. 154.  Wilson then moved in the Sixth Circuit for a certificate of appealability.  Id. at Doc. 158.  The Sixth Circuit construed Wilson's application for a certificate of appealability as a motion for permission to file a second or successive § 2255 motion.  Id. at Doc. 160.  The Sixth Circuit denied Wilson's.  Id.  Specifically, the Court found that Wilson's claim did not rely on newly discovered evidence sufficient to establish that no reasonable factfinder would find him guilty of the drug offenses, and did not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.  Id.

3

Wilson then moved for authorization to file a second or successive motion to vacate in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Id. at Doc. 162. Wilson argued that he should not have been sentenced as a career offender and armed career criminal because his prior convictions for aggravated assault and theft no longer qualified as "crimes of violence" for purposes of the career offender enhancement, see USSG § 4B1.2(a), or "violent felonies" under the Armed Career Criminal Act, see 18 U.S.C. § 924(e)(2)(B). Id. The Sixth Circuit denied Wilson's motion for authorization to file a second or successive motion to vacate, and found that Wilson failed to show that he is entitled to relief based on Johnson because at least three of his prior convictions remained valid predicate offenses. Id.

Wilson filed the instant petition pursuant to 28 U.S.C. § 2241, challenging the career offender sentence enhancement and asserting a right to be released on the grounds of actual innocence of the career offender enhancement. (Doc. 1).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

4

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

To the extent that Wilson claims he meets the requirements under the savings clause based on his actual innocence of being a career offender, such a claim is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. See Brown v. Bledsoe, 2012 WL 92344, at *8 (M.D. Pa. Jan. 11, 2012); Chestnut v. Thomas, 2014 WL 6886251, at *5 (M.D. Pa. Dec. 4, 2014).

Wilson also seeks to vacate and correct his sentence in light of Mathis and Descamps. He cannot do so by means of a § 2241 petition. Wilson offers no

5

evidence that the United States Supreme Court or the Third Circuit has held that Mathis or Descamps announced a new rule of law retroactively applicable to cases on collateral review. See Jackson v. Kirby, Civ. No. 17-4651, 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has decided whether Mathis is retroactively applicable on collateral review); Parker v. Warden FCI-Schuylkill, No. 17-0765, 2017 WL 2445334 (M.D. Pa. Jun. 6, 2017) (dismissing § 2241 habeas petition on screening because Mathis based sentencing enhancement claim is not properly asserted under § 2241); Smith v. Warden Lewisburg USP, 614 F. App'x 52, 55 (3d Cir. 2015) (providing that Descamps "does not constitute the rare situation of an intervening change of the law sufficient to apply the 'safety valve' provided by § 2241"); United States v. Upshaw, Civ. No. 14-278, 2014 WL 3385118, at *2 (N.D. Fla. Jul. 9, 2014) (collecting cases that provide that the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review).

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Accordingly, because there is no basis for a determination that § 2255 is inadequate or ineffective, Wilson's § 2241 petition will be dismissed for lack of jurisdiction.

An appropriate order follows.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:     April 23, 2018